1  John J. Nelson (SBN 317598)
2  **MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
3  402 W. Broadway, Suite 1760
San Diego, CA 92101
4  Telephone: (858) 209-6941
Email: jnelson@milberg.com
5
6  *Counsel for Plaintiff and Proposed Classes*
7
8  **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9  **SAN FRANCISCO DIVISION**
10
11  RICK S. DOMINGUEZ, on Behalf of        Case Number: 3:23-cv-06225
12  Himself and Others Similarly Situated,
                                           **CLASS ACTION COMPLAINT -**
13      Plaintiff,                         **JURY TRIAL DEMANDED**
14      v.
15
16  SELENE FINANCE, LP,
17
        Defendant.
18
19
20
21
22      Plaintiff Rick S. Dominguez ("Dominguez" or "Plaintiff"), on behalf of
23
   himself and all others similarly situated, files this class action complaint against
24
   Selene Finance, LP ("Selene" or "Defendant") and states:
25
26                        <u>**NATURE OF THE ACTION**</u>
27
28      1.      This is a consumer protection action brought by Plaintiff and others

                                      1

similarly situated to obtain redress from Selene's systematic use of unlawful and unfair debt collection practices to collect upon residential consumer mortgage loans.

2.    Specifically, during the relevant time period, Selene sent borrowers form letters alleging that the borrowers are in default of their mortgages and that the failure to immediately make a ***full and complete*** payment of all arrearages will result in acceleration of their loan (hereinafter referred to as the "Final Letter"). However, the false ultimatum contained in the Final Letter contradicts Selene's actual policies regarding acceleration and foreclosure.

3.    The Final Letter sent by Selene to the Plaintiff and others similarly situated is a false and misleading threat of acceleration and foreclosure designed to intimidate borrowers into making payments to Selene that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

4.    This action is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.

5.    This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all borrowers to whom Selene has or will send one or more Final Letters pursuant to Selene's standardized policies and procedures

2

during the applicable statute of limitations period in violation of state and federal law as further set forth herein.

**JURISIDICTION AND VENUE**

6.      The foregoing allegations are hereby reincorporated by reference as if fully set forth herein.

7.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 in that this action arises under, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

8.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332(d)(2) because these claims form part of a class action in which the amount in controversy exceeds the sum of $5,000,000.

9.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 in that the state law allegations contained herein are so related to the claims asserted under 15 U.S.C. § 1692 *et seq*. over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.      **Divisional assignment**, and Venue, is proper in this District and the San Franscico Division under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims asserted herein occurred within this District.

3

**PARTIES**

11.    Plaintiff is a citizen and resident of Alameda County, California.

12.    Selene is a corporation organized and existing under and by virtue of the laws of the State of Texas, with a principal place of business in Coppell, Texas.

13.    Selene is regularly engaged in the business of collecting debt in the State of California.

14.    Selene frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiff's mortgage loan because, upon information and belief, Selene obtained the servicing rights while in a state of default.

15.    Selene is a "debt collector," as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(c) and has collected or attempted to collect from Plaintiff debt arising from "consumer credit transactions" (Cal. Civ. Code § 1788.2(e)).

16.    Selene' employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Selene and, therefore, Selene is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of *respondeat superior*.

**FACTUAL ALLEGATIONS**

17.    Plaintiff is an owner and resident of a home located at 2255 Dracena Street, Hayward, CA 94545 ("Home").

4

18.     Selene is a servicer of mortgages for residential housing loans. Upon information and belief, Selene earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

19.     Upon information and belief, many of the mortgage loans that Selene services, including Plaintiff and putative class members, are delinquent when Selene acquires the servicing rights. Other loans become delinquent during Selene's servicing of the loans.

20.     Upon information and belief, when loans for its customers become more than 45 days delinquent, Selene sends a letter that it refers to as a "Final Letter" to coerce and intimidate the borrower into paying the entire default amount of the loan.

21.     An exemplar Final Letter sent to the Plaintiff that is materially similar to the Final Letters sent to putative class members is attached hereto as **Exhibit A.**

22.     The Final Letter specifically states: "[t]o cure this default, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage."

23.     The Final Letter further states: "[i]f you have not cured the default within thirty-five (35) days of this notice, Selene will accelerate the maturity date of the Note and declare all outstanding amounts under the Note immediately due and payable."

5

24.    The Final Letter also states: "[y]our property that is collateral for the Note may then be scheduled for foreclosure in accordance with the terms of the Deed of Trust/Mortgage and applicable state laws."

25.    In addition, the Final Letter states: "[t]he total amount you must pay to cure the default stated above must be received by [date (35 days from the date of the Final Letter)]."

26.    Selene utilizes the Final Letters to make false threats to accelerate borrowers' loans.

27.    The Final Letters create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan "[i]f you have not cured the default within thirty-five (35) days of this notice…," when, upon information and belief, a borrower need only keep their loans less than 120 days past due to avoid acceleration and foreclosure.

28.    If a borrower fails to meet the deadline outlined in the Final Letters, nothing happens at all.

29.    Upon information and belief, Selene will not accelerate borrowers' loans and proceed to foreclosure even if the borrower fails to make a payment equal to the default amount listed in the Final Letter *and* fails to make any payments that come due during the notice period.

30.    Put simply, Selene does not accelerate loans in the manner threatened

6

by its Final Letter in the usual course of its business.

31.     The Final Letters misrepresent the conditions under which Selene intends to accelerate loans and materially deceives consumers into believing their loans *will* be accelerated if they fail to fully cure their default prior to the specified date, 35 days from the date of the Final Letter.

32.     The Final Letters cause borrowers, including the Plaintiff and putative Class members, to believe that they are at risk of acceleration and foreclosure if all arrearages to Selene are not paid within the time period identified in the Letter.

33.     The Final Letters cause borrowers to believe that they will lose their homes if they do not become current on their loan within the time period identified in the Letter.

34.     The Final Letters misrepresent Selene's intentions and present consumers with a false ultimatum that they satisfy all arrearages within the false deadline identified in the Final Letter, or face acceleration and ultimately foreclosure.

35.     The Final Letters are materially misleading in that they threaten consumers, including Plaintiff and putative Class members, with acceleration and foreclosure when Selene has neither the present intent, nor the present ability, to undertake such actions.

36.     The empty threats of acceleration and foreclosure contained within the

7

Final Letter are clearly designed to scare and intimidate individuals into paying delinquent amounts.

37.    The empty threats of acceleration and foreclosure contained within the Final Letter have the potential of causing individuals, including Plaintiff and putative Class members, to send additional money to Selene that, absent the false and misleading statements, they could have utilized on other necessary expenditures, including food and utility payments.

38.    The empty threats of acceleration and foreclosure make it impossible for a consumer to make a rational decision in response to the Final Letter because it threatens immediate, irreversible consequences.

39.    The empty threats of acceleration and foreclosure are designed to scare consumers into making payments they otherwise may not.

40.    Selene understands the frightening and unnerving nature of the misrepresentations utilized in its Final Letters.

41.    Upon information and belief, the Final Letters were purposefully crafted in such a way to frighten and intimidate consumers into paying money to Selene.

42.    Plaintiff and putative Class members have received numerous Final Letters substantially identical to **Exhibit A.**

43.    Upon information and belief, each Class member has received one or

8

more Final Letter.

44.     Each Final Letter constitutes a separate violation of the FDCPA and Rosenthal Act in that, *inter alia*, each Final Letter threatens to take action not taken in the ordinary course of business nor intended to be taken in the particular instance in which it was threatened.

45.     As a result of the forgoing, Plaintiff and putative Class members have experienced anxiety, stress, anger, frustration, and mental anguish which is fairly traceable to their receipt of Final Letters containing the false ultimatums which, *inter alia*, caused informational harms, violated substantive rights to be free from unfair and abusive debt collection communications, and misled Plaintiffs and putative Class members with regard to the amount of money that had to be paid and when it needed to be paid to save their homes from acceleration and/or foreclosure.

## CLASS ALLEGATIONS

46.     The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

47.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually, and on behalf of the following Class tentatively defined as follows:

    All residential mortgagors whose mortgage servicing was transferred to Selene and to whom Selene sent a letter substantially similar or materially

identical to the letter attached as Exhibit A warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," within the applicable statute of limitations period (the "Class").

48.    The individuals protected by the Class are limited by the applicable statute of limitations prior to the filing of this Complaint, through the date of final resolution of this matter.

49.    Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Selene and any entity in which Selene has a controlling interest in Selene and its legal representatives, successors and assigns; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

50.    *Numerosity*: Plaintiffs are unable to provide a specific number of members in the Class because that information is solely in the possession of Selene. However, the exact number of Class members, including the names and addresses of all Class members, will be easily ascertained through a review of Selene's business records. Upon information and belief, each Class contains at least a thousand consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

51.    *Commonality*: Common questions of law and fact predominate over any individual issues that may be presented, because Selene has a pattern, practice and policy of communicating with all borrowers in a materially identical manner.

10

Selene, in seeking to collect the mortgage loan debt of Plaintiff and the putative Class, sent materially identical letters to Plaintiff and putative Class members. Each and every member of the proposed Class is subject to Selene's policies and procedures.

52.    *Typicality*: The claims of Plaintiff are typical of the claims of the Class and all are based on the same facts and legal theories, as all such claims arise out of Selene's conduct.

53.    *Adequate Representation:* Plaintiff is an adequate representative of the Class in that he is a member and does not have antagonistic or conflicting claims with other Class members.

54.    Plaintiff has also retained counsel experienced in the prosecution of complex class actions.

55.    Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action.

56.    Plaintiff is aware of his responsibilities as class representative and has accepted such responsibilities.

57.    *Predominance and Superiority*: The Class is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication

11

of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

58.     Further, Selene has acted and refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

## **FIRST CAUSE OF ACTION**
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)**

59.     The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

60.     Selene is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

61.     Selene acted as a "debt collector" in servicing the mortgage loans of Plaintiff and the putative Class members because their loans were in default at the time Selene obtained the servicing rights.

12

62.     Selene's correspondence to Plaintiff and Class members set forth herein as **Exhibit A**, states "Selene Finance LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

63.     Plaintiff and members of the Class are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692(a)(3), since they are natural persons allegedly obligated to pay a consumer debt.

64.     At all material times, Plaintiff's debt and the debts of the Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

65.     Dunning letters such as the Final Letter attached as **Exhibit A** hereto are to be evaluated by the objective "least sophisticated consumer" standard.

66.     FDCPA 15 U.S.C. § 1692(e) states in part:

A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.
. . .
(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

67.     Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and/or

13

threatened to take action that it could not legally take.

68.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

69.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and threatened to take action that it could not legally take.

70.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

71.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692e in that it falsely represented its intention to accelerate and foreclose on the homes of Plaintiff and putative Class members in an effort to induce the payment of additional funds.

72.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it misrepresented its intentions and presented Plaintiff and putative Class members with a false ultimatum that they must satisfy all arrearages within

14

the false deadline identified in the Final Letters, or face acceleration and ultimately foreclosure.

73.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures under the terms threatened in its Final Letter.

74.    Selene's violations of 15 U.S.C. § 1692(e) were material because the Final Letter misled consumers about information that would have been important to then in responding to debt collection attempts, created a substantial risk of causing consumers to make decisions against their own interests in managing their finances, and increased their fear and anxiety regarding the risk of immediate acceleration and foreclosure.

75.    Under 15 U.S.C. § 1692e, Plaintiff and the putative Class members have a statutory right to be free from abusive debt collection practices and suffered concrete and particularized injury when Selene violated their substantive rights under the FDCPA, including, *inter alia*, the right to be free from false, misleading, and/or deceptive communications regarding Plaintiff and the putative Class members' respective debts.

76.    Moreover, Congress has expressly determined that Selene's violations are material by specifically designating that threats to take actions that the debt

15

collector does not intend to take are an unfair collection practice and a violation of the FDCPA.

77.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e) by using false representations and deceptive means, including empty threats of acceleration and foreclosure.

78.    FDCPA section 1692(f) states in pertinent part:

Aa debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) …threatening to take any nonjudicial action to effect dispossession … if (A) there is no present intention to take possession of the property….

79.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

80.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f in that it falsely represented its intention to "accelerate the maturity date of the Note and declare all outstanding amounts under the Note immediately due and payable" on the homes of Plaintiff and putative Class members in an effort to induce the payment of additional funds.

81.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f, in that it misrepresented its intentions and presented Plaintiff and putative Class

16

CASE 3:23-cv-06225-JSC    Document 1    Filed 12/01/23    Page 17 of 21

members with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Final Letters, or face acceleration of all outstanding amounts under the Note immediately due and payable.

82.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f, in that it has threatened to take action, including acceleration of all outstanding amounts under the Note, when it had no intention of taking such measures.

83.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692f by using unfair and unconscionable means, including empty threats of acceleration of the maturity date of the Note and to declare all outstanding amounts under the Note immediately due and payable.

84.    As a result of Selene's unlawful attempts to collect debt, Plaintiff and putative Class Members suffered injury and are entitled to actual and statutory damages, as well as their reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### (Violations of the Rosenthal Act)

85.    The foregoing allegations are hereby reincorporated by reference as if fully set forth herein.

86.    Selene is a "debt collector," as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(c), in that Selene is a "person who, in the ordinary course of business, regularly, or on behalf of himself or herself or others, engages in debt collection"; and because Selene prepares and/or disseminates forms, letters, or

17

other media for use in debt collection.

87.    The debt that Selene has collected or attempted to collect from Plaintiff and the Class arose from "consumer credit transactions" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(e), in that the "debt" arose from a transaction between a natural person and another person in which property, services or money was acquired on credit for personal, family, or household purposes.

88.    Selene's actions violated the Rosenthal Act by, among other things:

    a.    Willfully misrepresenting its intentions to foreclose upon borrowers' properties in violation of Cal. Civ. Code § 1788.10(e);

    b.    Willfully and falsely representing that a legal proceeding is about to be or will be instituted unless the payment demanded by the Final Letters was made prior to the date identified in the letter, in violation of Cal. Civ. Code § 1788.13(j); and,

    c.    Willfully violating the FDCPA in the manner described in Paragraphs 60-83 *supra* in violation of Cal. Civ. Code § 1788.17, which specifically prohibits any entity covered by the Rosenthal Act from violating the FDCPA.

89.    As a result of the foregoing, Plaintiff and the Class are entitled to compensatory and statutory damages, injunctive relief, as well as their reasonable

18

attorneys' fees and costs.

## **THIRD CAUSE OF ACTION**
### **(Negligent Misrepresentation)**

90.    The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

91.    In the Final Letters, Selene made representations to Plaintiff, and similarly situated Class members, as set forth in this complaint.

92.    Those representations were false.

93.    When Selene made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

94.    Selene knew that Plaintiff, and similarly situated Class members, were relying on the representations.

95.    In reliance upon the representations, Plaintiff and similarly situated Class members used their funds to pay the entire balance when they could have made a partial payment and used their funds on other necessary living expenses.

96.    As a direct and proximate result of Selene' negligent misrepresentations, Plaintiff and Class members have been damaged and lost money as set forth in this complaint.

97.    As a direct and proximate result of the foregoing, Plaintiff and the class members suffered, and continue to suffer, financial damage and injury, and

19

are entitled to all damages, including punitive damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all others similarly situated pray the Court for judgment as set forth below:

1. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class counsel;

2. Declaring that Selene has violated the FDCPA, Rosenthal Act and committed Negligent Misrepresentation as set forth above, and awarding Plaintiff and the putative Class members compensatory and statutory damages;

3. Enjoining further violations of these statutes and law by Selene and its agents and employees;

4. Awarding Plaintiff and the Class damages for all causes of action, including statutory damages;

5. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs;

6. Ordering that the costs of this action be taxed to Selene; and,

20

7.    Providing such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 1st day of December, 2023.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

s/ *John J. Nelson*
John J. Nelson (SBN 317598)
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Email: jnelson@milberg.com

21

CLASS ACTION COMPLAINT