UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK S DOMINGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP,<br><br>Defendant. | Case No. 23-cv-06225-JSC<br><br>**ORDER DENYING MOTION TO DIMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 51 |

Rick Dominguez sues Selene Finance, LP ("Selene") for violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, and Negligent Misrepresentation. (Dkt. No. 46.) Now pending before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 51.) Having carefully considered the parties' written submissions, and having had the benefit of oral argument on October 3, 2024, the Court DENIES Defendant's motion. Plaintiff has alleged that Defendant is not an assign of the Deed of Trust, and drawing all reasonable inferences from the allegations in Plaintiff's favor, Defendant has not established it is an assign as a matter of law.

**SECOND AMENDED COMPLAINT ALLEGATIONS**

Plaintiff owns and resides in a home in Hayward, California. (Dkt. No. 46 ¶ 24.) Plaintiff executed a Promissory Note and Deed of Trust on his home in favor of a lender, which was later assigned to U.S. Bank. (*Id*. ¶ 25-26.)

"Selene services mortgages for residential loans owned, backed, or controlled by the Federal National Mortgage Association ("Fannie Mae")," including the mortgage on Plaintiff's home. (*Id*. ¶ 29.) "[M]any of the mortgage loans that Selene services, including Plaintiff and putative class members, are delinquent when Selene acquires the servicing rights." (*Id*. ¶ 31.) "As

a Fannie Mae mortgage servicer, Selene is obligated to follow certain standardized procedures that comply … with the Real Estate Settlement Procedures Act," including a requirement that Selene only refer a mortgage loan to foreclosure once it reaches at least 120 days delinquency.  (*Id*. ¶ 33 (citing 12 C.F.R. § 1024.41(f)(1)(i)).)  When Defendant initiates the foreclosure process for a particular mortgage loan, then the "specific mortgage loan is triggered for acceleration." (*Id*. ¶ 34.)

It is Defendant's practice to send a letter to the borrower "immediately upon a loan becoming more than 45 days delinquent." (*Id.* ¶ 35.)  So, rather than waiting until the loan is 120 days delinquent, "Selene sends a 'Final Letter' to coerce and intimidate the borrower into paying the entire default amount of the loan" premature to 120 days delinquent.  (*Id.*, *see also* Dkt. No. 46-1 (Final Letter Plaintiff received).)

The Final Letter states "[to]o cure this default, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage." (Dkt. No. 46-1 at 2.)  The letter provides if the recipient "ha[s] not cured the default within thirty-five (35) days of this notice, Selene will accelerate the maturity date of the Note and declare all outstanding amounts under the Note immediately due and payable." (*Id*.)  The Final Letter also states a recipient's "property that is collateral for the Note may then be scheduled for foreclosure in accordance with the terms of the Deed of Trust/Mortgage and applicable state laws." (*Id*.)

The letters "create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan" prior to when Defendant legally could accelerate.  (Dkt. No. 46 ¶ 42.)  In fact, "nothing happens" to a borrower who fails to meet the deadline in the Final Letter "because Selene cannot refer to foreclosure and does not accelerate until the mortgage loan is more than 120 days delinquent." (*Id*. ¶ 43.)  Thus, the Final Letters "misrepresent the conditions under which Selene intends to accelerate loans and materially deceives consumers into believing their loans *will* be accelerated if they fail to fully cure their default prior to the specified date, 35 days from the date of the Final Letter." (*Id*. ¶ 46.)

Plaintiff brings three causes of action against Defendant: (1) Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) Violations of the Rosenthal

Fair Debt Collection Practices Act ("the Rosenthal Act"), California Civil Code § 1788, *et seq.*; and (3) Negligent Misrepresentation.  (Dkt. No. 46.)

## DISCUSSION

### I. COMPLIANCE WITH NOTICE AND CURE PROVISION

Defendant moves to dismiss all causes of action in the Second Amended Complaint on the grounds Plaintiff did not comply with the notice and cure provision in his Deed of Trust.  The Deed of Trust states:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) ***that arises from the other party's actions pursuant to this Security Instrument*** or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action

(Dkt. No. 51-1 ¶ 20 (emphasis added).)  So, the Deed of Trust requires the Borrower to give notice to the Lender before commencing any judicial action arising from the Lender's action's pursuant to the Deed of Trust (the Security Instrument).

#### A. The Court Can Consider Extrinsic Evidence

As a preliminary matter, Defendant requests the Court take judicial notice of Plaintiff's Adjustable Rate Note and Deed of Trust, among other documents.  (Dkt. 51-1 at 2.)  "A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).  Plaintiff's complaint attaches the "Notification of Assignment, Sale or Transfer" sent by U.S. Bank.  (Dkt. No. 46-3.)  As a "document[] attached to the complaint," the Court can consider the Notification Letter as part of Plaintiff's complaint, and thus may assume its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).  *Ritchie*, 342 F.3d at 908.

As for the Deed of Trust, Plaintiff has not attached a copy to the complaint, however, Defendant contends the Court can consider the document under the incorporation by reference

doctrine or the judicial notice doctrine. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered on a 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002)). Plaintiff's complaint references the Deed of Trust, and no party questions the authenticity of the copy Defendant has attached. Thus, the Court may treat the Deed of Trust as part of the complaint and assumes its contents are true for purposes of the motion to dismiss. *Ritchie*, 342 F.3d at 908.

A district court may also take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Because the Deed of Trust is a public document, and because Plaintiff does not question its authenticity or the Court's consideration of it here, the Court may also take judicial notice of the Deed of Trust.

So, the Court may consider the Deed of Trust, specifically, the notice and cure provision, and the Notification of Assignment letter, on Defendant's 12(b)(6) motion to dismiss.

**B. Plaintiff's Claims Fall Within the Scope of the Notice & Cure Provision**

Plaintiff argues the notice provision does not apply to his statutory claims. The Court disagrees. The notice provision applies to a judicial action "that arises from the other party's actions pursuant to" the Deed of Trust. Plaintiff's claims arise from Defendant's actions pursuant to the Deed of Trust; namely, the Deed of Trust's requirement that the borrower be given notice prior to acceleration following the borrower's breach of the agreement:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (a) a date, not less than 30 days from the data the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums security by this Security Instrument and sale of the Property

(Dkt. No. 51-1 at 24 (Section 22).) All of Plaintiff's claims are based on statements made in the Final Letter which Defendant sent *pursuant to* the Deed of Trust.

4

In *Giotta v. Ocwen Loan Servicing, LLC*, for example, the plaintiffs alleged the defendant "violated the FDCPA when it billed" the plaintiffs for "services performed in connection with Borrower's default, . . . including, . . . attorneys' fees, property inspection and valuation fees . . . without disclosing the profit structure of the third-party entity that conducted the services." 706 Fed. Appx. 421, 422 (9th Cir. 2017). Because the deed of trust authorized such inspections to protect the lender's interest in the property and permitted passing the fees on to the borrower, the Ninth Circuit held the lawsuit arose from the defendant's actions pursuant to the deed of trust; so, the notice provision applied to the plaintiffs' claims. *Id.* The same result is required here.

The cases upon which Plaintiff relies are distinguishable. In *Gerber v. First Horizon Home Loans Corp.*, the court held that a notice provision did not bar two of the plaintiff's causes of action. No. C05-1554P, 2006 WL 581082, at *3 (W.D. Wash. Mar. 8, 2006). But the defendant did not make any argument as to how those two causes of action fell within the notice and cure provision. *Id.* (reasoning that "[o]utside of their generic (and unsupported) claim that the failure to satisfy the Notice Provision renders all of Plaintiff's causes of action invalid," the defendant did not present any argument as to why the notice provision applied). Further, the lawsuit challenged the imposition of a fee not mentioned in the deed of trust. As in *Gerber*, the *Beyer* plaintiffs had been assessed a post-contractual fee that was not permitted by the language of the contract at issue. *Beyer v. Countrywide Home Loans Serv. LP*, No. C-7-1512-MJP, 2008 WL 1791506, at *1-2 (W.D. Wash. Apr. 18, 2008), *aff'd*, 359 Fed. Appx. 701 (9th Cir. 2009). In both cases, the plaintiffs challenged fees charged by the defendant that were not "*pursuant to*" the security instrument containing the notice and cure provision, and the plaintiffs did not allege a breach of the security instrument or that that the defendant breached a duty that arose from the security instrument. But here, the Deed of Trust requires Defendant to provide Plaintiff with notice of acceleration—the very conduct Plaintiff challenges. So, Plaintiff's claims arise from Defendant's conduct "pursuant to" the Deed of Trust and fall within the notice and cure provision.

*Kim* and *McShannock* are not to the contrary. *Kim v. Shellpoint Partners, LLC*, No. 15CV611-LAB (BLM), 2016 WL 1241541 (S.D. Cal. Mar. 30, 2016); *McShannock v. JP Morgan Chase Bank N.A.*, 354 F. Supp.3d 1063 (N.D. Cal. Dec. 7, 2018). In *Kim*, the plaintiff alleged

monthly statements did not accurately disclose the monthly charges and fees owed on the loan. 2016 WL 1241541 at *2.  The court held the notice provision did not apply, but it did not address any argument that the plaintiff's claims arose from the defendant's action *pursuant to* the deed of trust.  *Id*. at *7.  And in *McShannock*, the plaintiffs alleged the defendant had failed to comply with a statutory duty to pay interest to mortgagors on funds held in escrow accounts.  *Id*. at 1067.  The defendant sought to enforce a notice and cure provision for conduct—the failure to make interest payments—which was not specified in the deed of trust.  *Id*.  The court held the notice and cure provision did not bar the plaintiffs' suit, as plaintiffs' claims did not relate to conduct the defendant performed *pursuant to* the deed of trust.  *Id*. at 1072.  Here, in contrast, Defendant's challenged conduct is a notice *required* by the Deed of Trust, the very same security instrument containing the notice and cure provision.  When the alleged violation does not arise from the security instrument, as in *Kim* and *McShannock*, the court may find the notice and cure provision does not apply to a plaintiff's claims.  But here, Plaintiff's claim stems from a challenge to conduct Defendant took pursuant to the Deed of Trust.

Plaintiff also cites *Kivett v. Flagstar Bank*, where the court held "the duty to comply with the law did not originate from the deed of trust" but instead from statutory law, thus the cause of action was not "pursuant to" the deed of trust, and therefore the deed of trust's notice provision did not apply.  333 F.R.D. 500, 504 (N.D. Cal. Nov. 20, 2019) (*affirmed in large part*, *Kivett v. Flagstar Bank, FSB*, No. 18-CV-05131-WHA, 2024 WL 3901188 (9th Cir. Aug. 22, 2024).)  However, just as in *McShannock*, the plaintiff was challenging conduct, the failure to pay interest, which was not performed pursuant to the Deed of Trust.  *Id*. at 501-02.

Finally, Plaintiff argues enforcing the notice and cure provision undermines the purpose of the FDCPA and Rosenthal Act by allowing parties to contract around otherwise valid statutory obligations and "operat[ing] as a roadblock to the right to sue."  (Dkt. No. 54 at 14.)  However, providing notice to Defendant does not foreclose Plaintiff from vindicating his statutory rights.  *See McShannock*, 354 F.Supp.3d at 1070.  If Defendant failed to take corrective action after receiving notice, Plaintiff could then bring suit.  So, the notice and cure provision does not act as a

1  waiver of Plaintiff's statutory rights, and does it conflict with Defendant's statutory duty to
2  comply with the FDCPA and Rosenthal Act.

### C. Enforcement of the Notice and Cure Provision

The notice and cure provision expressly applies to the "Borrower" or "Lender"—and Defendant is neither. Defendant nonetheless contends as an assignee of the Lender it can enforce the notice and cure provision per additional language in the Deed of Trust: "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." (Dkt. No. 51-1 at 22 (Section 13).) While the Court agrees the lender's assign can enforce the notice and cure provision when the deed includes language such as section 13, Defendant has not met its burden of showing as a matter of law it is the lender's assign within the meaning of section 13 of the Deed of Trust.

*Giotta v. Ocwen Loan Servicing, LLC*, a nonprecedential decision, is instructive. There the Ninth Circuit held a deed of trust notice provision applied to a mortgage servicer even though the plain language of the deed's notice provision applied only to the lender and borrower. *Id*. at 422. The court concluded the mortgage servicer, Ocwen, could enforce the notice provision because the deed of trust also provided "[t]he covenants and agreements of this Security Instrument ***shall bind . . . and benefit the successors and assigns of Lender.***" *Id*. (emphasis added). The court went on to hold Ocwen was an assign of the lender as the record included a written assignment from the lender to Ocwen for servicing rights on the plaintiffs' mortgage, including "all of [the lender's] right, title, and interest in and to such Mortgage Servicing Rights." *Id*. The notice provision was a "benefit" of the covenants and agreements in the deed of trust, "inuring to Ocwen," so, Ocwen, as an assign, could enforce the notice provision against the borrower. *Id.; see also Smith v. Flagstar Bank, FSB*, No. 18-CV-02350-WHA, 2018 WL 3995922, at *2 (N.D. Cal. Aug. 21, 2018) (holding identical contractual language meant that the defendant, an assignee of the lender, could enforce notice and cure provision against borrower).

The Deed of Trust here includes the exact same language as in *Giotta:* "[t]he covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender." (Dkt. No. 51-1 at 22 (Section 13).) Unlike *Giotta*, however, there is no evidence in the

7

record of an assignment from the lender to Defendant. Defendant contends the "Notice of Assignment, Sale, or Transfer" Plaintiff received when Plaintiff's mortgage loan was acquired by U.S. Bank shows it is an assignee. The notice advises Plaintiff of the assignment, sale or transfer of his loan to U.S. Bank. It also advises him that after a certain date, Defendant will be servicing his loan and "[t]he servicer has authority to act on [U.S. Bank's] behalf with regard to the administration of your mortgage loan and respond to any questions about your mortgage loan." (Dkt. No. 46-3 at 3.) But Defendant offers no authority to support its implicit suggestion that a letter stating that an entity is authorized to act on a lender's behalf means—as a matter of law—the entity is an assignee of a lender within the meaning of a deed of trust providing that the benefits of the deed of trust inure to the lender's assigns. And, Plaintiff alleges in the Amended Complaint that Defendant is not such an assign. (Dkt. No. 46 ¶ 27.)

The district court cases which Defendant cites do not persuade the Court otherwise. *See Rodriguez v. Rushmore Loan Mgmt. Servs. LLC*, No. 18-CV-1015, 2019 WL 423375, at *5 (N.D. Ill. Feb. 4, 2019) (holding a "loan servicer" defendant has an "identifiable interest" in the plaintiff's "Mortgage—i.e. '[a]n assignment'" and therefore the plaintiff had to comply with the notice and cure provision); *Kurzban v. Specialized Loan Servicing, LLC*, No. 17-CV-20713, 2018 WL 1570370, at *3 (S.D. Fla. Mar. 30, 2018) ("Courts in this district consistently hold that a notice-and-cure provision in a mortgage applies to actions against a servicer."). Neither *Rodriquez* nor *Kurzban* explain why as a matter of law all mortgage loan servicers qualify as the lender's assign as that term is used in the deed of trust. Defendant's reliance on *Milam v. Selene Finance, LP*, No. 24-C-317, 2024 WL 3455027 (N.D. Ill. July 18, 2024), is also unpersuasive. While the case shares similar statutory claims and defendants, the court applied Illinois law to determine the defendant was an assignee as a matter of law. Here, Defendant does not cite any law as to the definition of an assignee, let alone identify documents or caselaw that establishes as a matter of law it is an assign within the meaning of section 13 of the Deed of Trust.

At this stage in the case, Defendant has not met its burden to prove it is an assign of the lender. Thus, the Court concludes Defendant has not proven it can enforce the notice and cure provision as a matter of law.

## II. FAILURE TO STATE A CLAIM

Defendant also moves to dismiss on the grounds Plaintiff fails to state a claim. Given the Notice Provision could be dispositive, and the other arguments would likely require leave to amend even if successful, the Court concludes it makes the most sense to not address the sufficiency of Plaintiff's allegations at this time. Instead, the case will proceed on adjudicating the application of the Notice Provision. If after discovery and an initial summary judgment motion Defendant is unable to succeed on its affirmative defense as a matter of law, it may renew any argument as to the sufficiency of Plaintiff's allegations on the merits of his claims.

## CONCLUSION

While the plain language of the Deed of Trust allows an "assign" to invoke the Notice Provision, and Plaintiff's claims fall within the scope of the Notice Provision, Defendant has failed to show as a matter of law it is an "assign" within the meaning of the Deed of Trust, Section 13. Therefore, the Court denies Defendant's motion to dismiss.

The Court sets a case management conference for November 14, 2024. A joint case management conference statement is due November 7, 2024. The statement should include a schedule for discovery and summary judgment briefing on the assign issue.

This Order disposes of Dkt. No. 51.

**IT IS SO ORDERED.**

Dated: October 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge