UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK S DOMINGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELENE FINANCE, LP,<br><br>　　　　Defendant. | Case No. 23-cv-06225-JSC<br><br>**ORDER RE: MARCH 17, 2025 DISCOVERY DISPUTE JOINT LETTER**<br><br>Re: Dkt. No. 80 |

The Court set a schedule "to determine whether Selene is an 'assign' as a matter of law within the meaning of Section 13 of Plaintiff's Deed of Trust." (Dkt. No. 77.) The schedule included a March 12, 2025 deadline to complete discovery on the "assign as a matter of law" question. (*Id.*) Now pending before the Court is a discovery dispute joint letter addressing two issues. After carefully considering the parties' submission, the Court concludes oral argument is not required, see N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

I.　**2020 BASE SERVICING AGREEMENT**

"In response to Plaintiff's document requests, Defendant produced a heavily redacted version of the 2020 Base Servicing Agreement." (Dkt. No. 80 at 2.) Plaintiff asserts "Defendant must be compelled to produce the Base Servicing Agreement in its unredacted form since it is the primary basis for its Defense that it has rights under the servicing agreement equating it to the owner of the note." (*Id.*) Defendant concedes the existence of the Agreement "is arguably relevant" but argues its contents "are not relevant or proportional to the needs of this case" and "are also confidential and proprietary." (*Id.* at 4.)

Plaintiff's motion to compel is GRANTED. The Court's standard stipulated protective order shall govern the production of any proprietary information. And, Defendant's

proportionality argument is unpersuasive; it took more effort for Defendant to redact the document than it would have taken to produce it in unredacted form subject to a protective order. Defendant shall immediately produce the document in unredacted form.

## II.     INTERROGATORIES 4 AND 5

Interrogatories 4 and 5 seek "information regarding Selene's adherence to Fannie Mae's servicing guidelines in relation to Plaintiff's loan." (Dkt. No. 80 at 3.) Plaintiff asserts this information is relevant because "at one point during the transfer process, Fannie Mae owned Plaintiff's loan" and "both Fannie Mae and Freddie Mac's guidelines speak to the role of a loan servicer." (*Id.*) Defendant contends the "requests are entirely unrelated to the limited issue of whether Selene is an assign as a matter of law" because "Selene was not servicing Plaintiff's mortgage on behalf of Fannie Mae but was servicing Plaintiff's Mortgage on behalf of U.S. Bank Trustee." (*Id.* at 5.) So, according to Defendant, "what a servicer is or is not in when it services a mortgage on behalf of Fannie Mae is entirely irrelevant to the circumstances here." (*Id.*)

Plaintiff's motion to compel is DENIED. Plaintiff has not persuasively explained in the joint letter how Fannie Mae's guidelines are relevant to the assign question. Plaintiff may seek to establish the guidelines' relevance on summary judgment. As Defendant has refused to answer the interrogatories, on summary judgment it may not offer evidence it refused to produce during discovery.

This Order disposes of Docket No. 80.

**IT IS SO ORDERED.**

Dated: March 20, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge