United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICK S DOMINGUEZ,
Plaintiff,

v.

SELENE FINANCE, LP,
Defendant.

Case No. 23-cv-06225-JSC

**ORDER RE: DISCOVERY DISPUTE JOINT LETTER**

Re: Dkt. Nos. 132, 133

Pending before the Court is a discovery dispute joint letter regarding Defendant's 30(b)(6) deposition, (Dkt. No. 132.),[1] and a related administrative sealing motion. (Dkt. No. 133.) After reviewing the letter and attached exhibits, the Court concludes oral argument is not required. *See* N.D. Cal. Civ. L.R. 7-1(b).

**BACKGROUND**

Among other topics, Plaintiff's 30(b)(6) Notice, served in April 2026, sought in Topic 34:

> [b]asic information concerning Selene's current financial condition and financial condition during the Relevant Time Period, including its annual revenue, most recent sale price if acquired, and its net worth at the end of the fiscal year during each year of the Relevant Time Period, including how that net worth is calculated and the financial documents supporting that calculation.

(Dkt. No. 132-1 at 7.) The Relevant Time Period is December 1, 2022 to the present. (Dkt. No. 132-7 at 3 (7:9-24).)

One week before the August 11, 2026 30(b)(6) deposition, Defendant served objections to the Notice. (Dkt. No. 132-2.) Defendant objected on the grounds that Plaintiff did not define

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

"basic information," that net worth is a shifting calculation so providing "a five year look back is not possible," and that he sought information not relevant to the net worth determination at issue in this case. (*Id.* at 4-5.) The deposition went forward as scheduled and the 30(b)(6) witness refused to answer questions about Defendant's net worth during the Relevant Time Period. (*See* Dkt. No. 132-7 at 4 (87:23-89:7).)

Plaintiff seeks an order compelling Defendant to produce a 30(b)(6) deponent prepared to testify on Topic 34 remotely for not more than two hours. (Dkt. No. 132 at 4.)

**DISCUSSION**

## I. JOINT LETTER DISCOVERY DISPUTE

Plaintiff's request is GRANTED because he has demonstrated the witness was unprepared to testify as to Topic 34. Topic 34 covered Defendant's "net worth at the end of the fiscal year during each year of the Relevant Time Period, including how that net worth is calculated and the financial documents supporting that calculation." (Dkt. No. 132-1 at 7.) However, when asked about the net worth of Defendant at the end of 2022, the witness replied: "I can confirm what this [financial statement] page says, but whether one of these amounts is the net worth, I cannot speak to that." (Dkt. No. 132-7 at 4 (88:11-13).) The witness was similarly unprepared to answer three follow-up questions. (*See id.* (88:14-89:7).)

The Court agrees Defendant should have moved for a protective order if it intended not to have a witness prepared to testify within Topic 34's scope. *See, e.g., James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 568 (D. Mont. 2021) ("A designee cannot simply appear for a 30(b)(6) deposition not prepared to answer questions within a noticed topic area because the company believed those topics exceeded the scope of the rule."). And, the Court also agrees Plaintiff might have been prejudiced by Defendant having waited three months, and until one week before the deposition, to serve its objections. *See Pongsai v. Am. Express Co.,* No. 19-CV-01628-DOC JDEX, 2020 WL 5356711, at *3 (C.D. Cal. June 29, 2020).

But the record includes no evidence Plaintiff made any effort to meet and confer with Defendant regarding the objections prior to the deposition; nor any explanation as to why any meet and confer was unavailable. Again, if Plaintiff had attempted to meet and confer and was

unable to do so because of Defendant's late objection, that would be a good excuse for failing to meet and confer. But on this record, it appears Plaintiff received the objections and then decided not to make any attempt to meet and confer prior to or even at the deposition.

Nevertheless, because Defendant's witness refused to answer questions within Topic 34's scope, the Court will order a further deposition, not to exceed two hours. But, Plaintiff's proposed scope of questioning is too broad. Plaintiff seeks a continued deposition "regarding the value of Selene at the time Pretium purchased it and the balance sheet and income statements from 2019-2023 to show how or if the net worth changed based upon Pretium's ownership interest." (Dkt. No. 132 at 4.) That request exceeds Topic 34's temporal scope, which was limited to December 1, 2022 to present. (Dkt. No. 132-7 at 3 (7:9-24).) So while Plaintiff may further depose the 30(b)(6) designee, its questioning must be constrained to Defendant's net worth during the Relevant Time Period which does not include the purchase price several years earlier. With this limitation, the motion to compel further deposition testimony is GRANTED.

## II. MOTION TO SEAL

In a motion accompanying the Joint Discovery Letter, Plaintiff seeks provisional sealing on two documents submitted with the Letter containing Defendant's consolidated financial statements for 2022 (Exhibit E) and 2023 (Exhibit F). (Dkt. No. 133.) Defendant marked both documents as confidential. (*Id.*)

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (cleaned up). However, records attached to "nondispositive motions" which are "not related, or only tangentially related, to the merits of a case," are not subject to the strong

United States District Court
Northern District of California

presumption of access and must instead meet a lower "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1098-99. "The good cause standard [still] requires a 'particularized showing,' . . . 'that specific prejudice or harm will result' if no protective order is granted." *Access Optical Networks, Inc. v. Seagate Tech. LLC*, No. 24-CV-03745-EKL (VKD), 2025 WL 2856297, at *1 (N.D. Cal. Oct. 8, 2025) (citing *Kamakana*, 447 F.3d at 1180; *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Defendant ("the Designating Party") and not Plaintiff ("the Filing Party") are seeking to designate the documents as confidential, the Court reviews the request under Civil Local Rule 79-5(f), which covers "Administrative Motion[s] to Consider Whether Another Party's Material Should be Sealed." N.D. Cal. Civ. L.R. 79-5(f). Under LR 79-5(f), "the Designating Party must file a statement and/or declaration" and "[a] failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party." N.D. Cal. Civ. L.R. 79-5(f)(3).

As a discovery motion "tangentially related[ ] to the merits of [the] case," the good cause standard applies here. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (noting good cause exception applies to "sealed materials attached to a discovery motion"). However, even absent a statement from Defendant, "ample case law justifies sealing information" pertaining to a company's sensitive "financial statements and accounting." *Palantir Techs. Inc. v. Abramowitz*, No. 19-cv-06879-BLF, 2022 WL 2674200, at *2 (N.D. Cal. June 21, 2022); *see e.g., San Diego Detox LLC v. Detox Ctr. Of San Diego LLC*, No.: 3:22-cv-01145-RBM-DDL, 2024 WL 2059737, at *2 (S.D. Cal. May 8, 2024); *Apple Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846 LHK, 2012 WL 4120541, at *2 (N.D. Cal. Sep. 18, 2012). Because Defendant is a private company and its financial statements are not normally publicly available, "detailed information on [Defendant's] assets, liabilities, revenues, costs, cash flow, and equity [] could harm [Defendant's] business interests if made public and goes beyond what is related to the public's understanding of this litigation." *Larsen v. PTT, LLC*, No. 3:18-cv-05275-TMC, 2024 WL 4107692, at *3 (W.D. Wash.

Sept. 6, 2024). Therefore, the Court concludes there is good cause for sealing this information. *See Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (concluding same). So, the motion to seal is GRANTED.

This Order disposes of Docket Nos. 132, 133.

**IT IS SO ORDERED.**

Dated: October 1, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California